FILED

IN THE UNITED STATES DISTRICT COURT 2017 MAR -2  PM 12: 31
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| JENNIFER LACHENMAIER, § § Plaintiff § § v. § UNUM Life Insurance Company of America, § and Little Caesar Enterprises Inc. § § Defendants. § § | Civil Action No. 6:17-CV-360-Orl-41 TBS |

## PLAINTIFF'S COMPLAINT

### COMPLAINT ¶1:

Plaintiff brings this action pursuant to ERISA to secure all disability benefits to which Plaintiff is entitled under a group employee benefits plan sponsored by Little Caesar Enterprises Inc. ("LCE") and administered by Unum Life Insurance Company of America ("Unum").

### PARTIES

### COMPLAINT ¶2:

Plaintiff is a citizen and resident of Orlando, FL.

### COMPLAINT ¶3:

Defendant is a properly organized business entity doing business in the State of Florida.

### COMPLAINT ¶4:

The disability plan at issue in the case at bar was funded and administered by Defendant.

### COMPLAINT ¶5:

Defendant is a business entity doing business in the Middle District of Florida. Defendant may be served with process by serving its registered agent.

### JURISDICTION AND VENUE

**COMPLAINT ¶6:**

Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought ... (1) by a participant or by a beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

**COMPLAINT ¶7:**

Venue in the Middle District of Florida is proper by virtue of Defendant doing business in the Middle District of Florida.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

**COMPLAINT ¶8:**

At all times relevant to this action, Plaintiff has been a covered beneficiary under a employee welfare group benefits plan sponsored by LCE. Plaintiff was eligible to participate in the LCE disability benefits group plan (the "Plan) because of Plaintiff's employment with LCE.

**COMPLAINT ¶9:**

Under the terms of the policy, Unum and LCE administered the Plan.

**COMPLAINT ¶10:**

At all times relevant to this action, LCE paid the premiums for employees covered under the Plan pursuant to an insurance contract issued by Unum, and Unum paid the Plan benefits.

**COMPLAINT ¶11:**

Because Unum both pays the plan benefits and retains the authority to grant or deny benefits, Unum has an inherent conflict of interest, and Defendants' decision to deny disability benefits should be reviewed by this Court under a de novo standard of review.

**COMPLAINT ¶12:**

The policy governing Plaintiff's claim is issued in Michigan, identifies the governing jurisdiction as Michigan, and was amended most recently in 2013.

**COMPLAINT ¶13:**

Therefore, this policy will be subject to 500.2202(c) of the Michigan Administrative Code, which nullifies discretionary review, and states that "[o]n or after [July 1, 2007], a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect."

## COMPLAINT ¶14:

Defendants have a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

## COMPLAINT ¶15:

Beginning April 27, 2012, Plaintiff was employed by LCE as a "Human Resource Generalist."

## COMPLAINT ¶16:

The job description for LCE's Human Resource Generalist, in effect on April 27, 2012, for which Ms. Lachenmaier was hired, stated that the position required travel and the ability to lift up to fifty pounds.

## COMPLAINT ¶17:

Plaintiff suffered from chronic knee pain, and subsequently underwent chondroplasty and microfracture of the lateral tibial plateau and chronoplasty of the patella on November 30, 2015.

## COMPLAINT ¶18:

Plaintiff filed for short term disability ("STD") benefits with LCE, and her STD claim was approved through December 28, 2015.

## COMPLAINT ¶19:

Plaintiff treated with her physician on January 28, 2016, and presented with pain, tenderness, and weakened muscles. During this visit, Plaintiff required crutches to ambulate.

## COMPLAINT ¶20:

Effective January 31, 2016, Plaintiff was terminated from her position and her health insurance benefits expired.

## COMPLAINT ¶21:

Plaintiff filed a claim for long term disability ("LTD") benefits.

## COMPLAINT ¶22:

In the course of evaluating her claim, on February 10, 2016, Unum contacted Plaintiff's physician, Dr. Janet Robison, and asked her to comment on her ability to perform the following duties: lifting, carrying, pushing, pulling up to 10 pounds up to occasionally throughout the day; mostly sitting; may involve standing or walking for brief periods of time; and occasional travel (local) is a material/substantial duty.

**COMPLAINT ¶23:**

These were not the substantial and material requirements of Plaintiff's position as a Human Resource Generalist.

**COMPLAINT ¶24:**

Dr. Robison opined that Plaintiff could perform her job, based on the inaccurate job description.

**COMPLAINT ¶25:**

In a letter dated February 22, 2016, Unum relied on Dr. Robison's opinion in deciding to deny Plaintiff's claim for LTD benefits.

**COMPLAINT ¶26:**

Unum also denied Plaintiff's claim due to her inability at that time, without income, to pay for the treatments prescribed by her physicians to treat the pain and recover from the surgery.

**COMPLAINT ¶27:**

On August 17, 2016, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits, and on September 29, 2016, Plaintiff amended that appeal to include additional information.

**COMPLAINT ¶28:**

Plaintiff submitted additional information, including medical records to show that she is totally disabled as defined by the Plan, that her medical condition has been aggravated by her inability to seek continued medical treatment, and that she is a candidate for further knee surgery.

**COMPLAINT ¶29:**

In a letter dated November 14, 2016, Unum denied Plaintiff's appeal for LTD benefits.

**COMPLAINT ¶30:**

Plaintiff has exhausted her administrative remedies with respect to her claim for LTD benefits.

**COMPLAINT ¶31:**

Plaintiff endures continuing chronic pain and limited mobility which is disabling as per the terms of the Plan.

## UNUM'S CONFLICT OF INTEREST

### COMPLAINT ¶32:

At all relevant times, Unum has been operating under an inherent and structural conflict of interest as Unum is liable for benefit payments due to Plaintiff and each payment depletes Unum's assets.

### COMPLAINT ¶33:

Unum's determination was influenced by its conflict of interest.

### COMPLAINT ¶34:

Unum has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

### COMPLAINT ¶35:

For example, the LTD plan gave Unum the right to have Plaintiff submit to a physical examination at the appeal level.

### COMPLAINT ¶36:

A physical examination, with a full file review, provides more information than a medical file review alone, thus promoting accurate claims assessment.

### COMPLAINT ¶37:

Despite having the right to a physical examination, Unum did not ask Plaintiff to submit to one.

## COUNT I:

## LCE'S BREACH OF FIDUCIARY DUTY UNDER ERISA 29 U.S.C. § 1132(a)(3)

### COMPLAINT ¶38:
Plaintiff incorporates those allegations in paragraphs 1 through 37 as though set forth at length herein

### COMPLAINT ¶39:

LCE operated as a plan administrator and was a plan fiduciary under ERISA.

### COMPLAINT ¶40:

LCE hired Plaintiff into her position of Human Resource Generalist.

**COMPLAINT ¶41:**

However, LCE willfully provided an inaccurate job description of Plaintiff's position in connection with the evaluation of Plaintiff's claim for LTD benefits.

**COMPLAINT ¶42:**

LCE's willful and deliberate actions to deny Plaintiff's claim for LTD benefits constitute a breach of fiduciary duty pursuant to ERISA.

## COUNT II:

## UNUM'S WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

**COMPLAINT ¶43:**

Plaintiff incorporates those allegations in paragraphs 1 through 37 as though set forth at length herein

**COMPLAINT ¶44:**

Unum has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

    a.    Plaintiff is totally disabled, in that she cannot perform the material and substantial duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

    b.    Unum failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

    c.    Unum's interpretation of the definition of disability in the policy is contrary to the plain language of the policy, as it is incorrect, unreasonable, arbitrary, and capricious;

    d.    Unum relied on patently flawed vocational analysis to deny Plaintiff's claim; and

    d.    Unum has violated its contractual obligation to furnish disability benefits to Plaintiff.

## ATTORNEY FEES AND COSTS

**COMPLAINT ¶45:**

Plaintiff repeats and realleges the allegations of paragraphs 1 through 37 above.

**COMPLAINT ¶46:**

By reason of the LCE's deliberate actions and Unum's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such

benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, Plaintiff demands judgment for the following:

A. Grant Plaintiff declaratory relief, finding that she is entitled to all past long term disability benefits unpaid;

B. Order Defendant to approve Plaintiff's claim long term disability benefits retroactive to January 28, 2016, plus pre-judgment interest;

C. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

D. For such other relief as may be deemed just and proper by the Court.

DATED: February 28, 2017                    Respectfully submitted,

**/s/C. RYAN MORGAN**
C. Ryan Morgan, Esq.
FBN 0015527
20 N. Orange Ave. – 14th FL
P.O. Box 4979
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail-rmorgan@forthepeople.com

Adian R. Miller, Esquire (*Pro Hac Vice forthcoming*)
GABN 794647
MORGAN & MORGAN, P.A.
191 Peachtree Street NE,
P.O. Box 57007
Atlanta, GA 30343
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: ARMiller@forthepeople.com

*Attorneys for Plaintiff*